IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JEFFERSON D. QUICK                                                                              PLAINTIFF

vs.                                               Civil No. 3:15-cv-03102

CAROLYN W. COLVIN                                                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Jefferson D. Quick ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed his disability applications on June 6, 2012. (Tr. 19, 153-165). In his applications, Plaintiff alleges being disabled due to diabetes, neuropathy, depression, and hypertension. (Tr. 192).  During his administrative hearing, Plaintiff also alleged being disabled due to back pain. (Tr. 46).  His attorney characterized his back pain as follows: "He's got a lot of chronic

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

back pain associated with the heavy works that he has done in the past." *Id.* Plaintiff alleges an onset date of January 10, 2008. (Tr. 19, 153). These applications were denied initially and again upon reconsideration. (Tr. 83-86).

After Plaintiff's applications were denied, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 41-82). Thereafter, on November 14, 2013, the ALJ held an administrative hearing on Plaintiff's applications. *Id.* At this hearing, Plaintiff was present and was represented by Fredrick Spencer. *Id.* Plaintiff, two witnesses for Plaintiff, and Vocational Expert ("VE") Jim Spragins testified at this hearing. *Id.*

On May 30, 2014, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 16-34). The ALJ found Plaintiff last met the insured status requirements of the Act through June 30, 2012. (Tr. 21, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 10, 2008, his alleged onset date. (Tr. 21, Finding 2). The ALJ determined Plaintiff had the following severe impairments: depressive disorder (not otherwise specified); math disorder; generalized anxiety disorder; personality disorder; and diabetes mellitus with neuropathy. (Tr. 21-22, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22-23, Finding 4).

The ALJ found Plaintiff was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 33, Finding 7). As for his education, the ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 33, Finding 8).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 23-33, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant is able to perform work that is limited to simple, routine, and repetitive tasks, involving only simple, work-related decisions, with few, if any, workplace changes and no more than incidental contact with coworkers, supervisors and the general public.

*Id*.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 33, Finding 6). Considering his RFC, the ALJ determined Plaintiff could not perform any of his PRW. *Id.* The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 33-34, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following two occupations: (1) small production machine operator (sedentary, unskilled) with 4,000 such jobs in Arkansas and 500,000 such jobs in the nation; and (2) small product assembler (sedentary, unskilled) with 4,000 such jobs in Arkansas and 203,000 such jobs in the nation. *Id.* Because Plaintiff retained the capacity to perform this work, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from January 10, 2008 through the date of his decision or through May 30, 2014. (Tr. 34, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council. (Tr. 14). On August 14, 2015, the Appeals Council denied this request for review. (Tr. 1-4). On October 13, 2015, Plaintiff

filed his Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 15, 2015. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 1. Specifically, Plaintiff raises one point of error: the ALJ erred in failing to find his back impairment was severe. ECF No. 10 at 8-11. Because the Court finds the ALJ erred by finding his back impairment was non-severe, this case must be reversed and remanded.

A claimant suffers from a severe impairment if that impairment is more than slight and if that

impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to back pain. (Tr. 46). To support this claim, Plaintiff has presented a number of medical records demonstrating he suffers from chronic back pain. *See, e.g.,* Tr. 837. Significantly, the ALJ disregarded the results of a CT scan wherein Plaintiff was found to have "significant right paramedian and foraminal spurring" in his back: "At C6-7 . . . C7-T1 there *is significant right paramedian and foraminal spurring which should be symptomatic."* (Tr. 849) (emphasis added). This CT scan was taken in December of 2013. (Tr. 849). As a result of this CT scan, Plaintiff was diagnosed with a cervical strain, and he was found to be "significant for chronic pain." This time-period was approximately six months before the ALJ's decision in this case, and the ALJ should have considered these records and determined

Plaintiff's back impairment was severe under the low standard for a severe impairment. Based upon this evidence alone, the Court finds the ALJ's determination Plaintiff had no severe back impairment was not supported by substantial evidence in the record. Thus, this case must be reversed and remanded for further consideration of this issue.

**4.**     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of November 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE